# Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **SCOTT HUMBERT on behalf of E.H. and J.H.; TONIA LIGHTWINE, on behalf of B.L.; and MONROE SEIGLE, on behalf of M.S.; individually and on behalf of all others similarly situated,**<br><br>***Plaintiffs*,**<br><br>**v.**<br><br>**BYTEDANCE, INC.; BYTEDANCE LTD.; TIKTOK LTD.; TIKTOK INC.; TIKTOK PTE. LTD.; AND TIKTOK U.S. DATA SECURITY, INC.,**<br>***Defendants*** | **Case No. 5:24-cv-00236-MW-MJF** |

**PLAINTIFFS' MOTION TO STAY PENDING TRANSFER TO MULTIDISTRICT PROCEEDING AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs Scott Humbert on behalf of E.H. and J.H.; Tonia Lightwine, on behalf of B.L.; and Monroe Seigle, on behalf of M.S. ("Plaintiffs") hereby move for an Order staying all proceedings in the above-captioned action, including the filing of responsive pleadings or motions, pending the determination by the Judicial Panel on Multidistrict Litigation ("JPML" or the "Panel") of a pending Motion for Transfer and Centralization of this and other related actions. *See* Plaintiff Nick McKissick's

Motion to Transfer Actions to the Northern District of California Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings, *In Re: TikTok, Inc., Minor Privacy Litigation* (MDL No. 3144), Doc. No. 01 (Dec. 5, 2024) (attached hereto as Exhibit 1) (hereinafter, the "Transfer Motion"). Plaintiffs respectfully request that this action be stayed until thirty (30) days after a decision by the JPML on the Transfer Motion.

## I. Background

On October 15, 2024, Plaintiffs commenced this action by filing the underlying Complaint. Plaintiffs agreed to Defendants' request for an extension of time to answer or otherwise respond to the complaint by December 30, 2024.

On December 5, 2024, Plaintiff McKissick, who filed a pending action against the same Defendants based on the same alleged conduct on behalf of himself and others similarly situated, including a putative Nationwide Class and California Subclass, filed a petition with the Judicial Panel on Multidistrict Litigation ("JPML") to transfer several actions, including the above-captioned action, for coordination and consolidation of pretrial proceedings in the United States District Court for the Northern District of California. *See* Ex. 1. Plaintiff McKissick has referenced the other cases pending across the country, including this action, in his Schedule of Actions. Schedule of Actions, MDL No. 3144 Doc. No. 1-2 (Dec. 5, 2024) (Ex. 1 at p. 12). The Clerk of the Panel set a briefing schedule as follows:

- Notices of Appearance due on or before 12/27/2024.
- Corporate Disclosure Statements due on or before 12/27/2024.
- Responses due on or before 1/3/2025.
- Reply, if any, due on or before 1/10/2025.

The hearing date for the Transfer Motion has not yet been assigned, but the next JPML Hearing is scheduled for January 30, 2025. As the JPML will soon determine whether to coordinate this and the other cases identified in the "Schedule of Actions" attached to the Transfer Motion, Plaintiffs respectfully request that this Court stay this Action until thirty (30) days after a decision by the JPML on the Transfer Motion. Neither Plaintiffs nor Defendants will be prejudiced by the requested stay. Instead, a stay would serve the interest of judicial economy by avoiding duplicative pretrial proceedings and discovery and by minimizing the risk of potentially inconsistent rulings on issues common to all class members.

## II. Argument

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Chrysler Int'l Corp. v. Chenaly*, 280 F. 3d 1358, 1360 (11th Cir. 2002); *Clinton v. Jones*, 520 U.S. 681, 706 (1997)*; Cost Bros., Inc. v. Travelers Indent. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). Indeed, "[c]ourts often stay proceedings

pending action by the JPML to preserve judicial resources and to ensure consistency in the disposition of like matters." *Penn ex. Rel. Kane v. McgGraw-Hill Cos*., Inc., No. 13-605, 2013 WL 1397434, at *4 (M.D. Pa. Apr. 5, 2013); *see also Packer v. Power Balance, LLC*, No. 11-cv-802, 2011 WL 1099001, at *1 (D.N.J. Mar. 22, 2011) ("Stays of .. . civil actions are common when the issue of transfer is before the JPML.").

"When determining whether to stay a case pending a motion to the JPML to transfer and consolidate, courts consider three factors: (1) potential prejudice to the non-moving party; (2) potential prejudice to the moving party if the stay is not granted; and (3) conservation of judicial resources." *Ephraim v. Abbott Lab'ys, Inc*., 601 F. Supp. 3d 1274, 1275 (S.D. Fla. 2022) (quoting. Ali v. 7-Eleven, Inc., No. 22-20328-CIV, 2022 WL 713665, at *2 (S.D. Fla. Mar. 10, 2022)) Here, analysis of each factor weighs in favor of a stay.

**a. A Stay Would Conserve Judicial Resources.**

The goal of the multidistrict litigation is to coordinate the pretrial management of actions sharing common facts to promote the just and efficient conduct of the litigation. *See* 28 U.S.C. § 1407. Plaintiff respectfully submits that a stay in this case would further the purpose of 28 U.S.C. § 1407 by conserving judicial resources and promoting the just and efficient conduct of this litigation. *See Royal Park Invs. SA/NV v. Bank of Am. Corp*., 941 F. Supp. 2d 367, 373 (S.D.N.Y. 2013) (internal

citations and quotations omitted) ("Stays pending transfer will also conserve judicial resources, one of the fundamental goals of multidistrict litigation practice."); *Ritchie Capital Mgmt., LLC v. GE Capital Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015) ("[A] stay serves the judicial and public interest in letting the JPML decide if the interests in efficiency and economy favor consolidation and transfer."). "[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1360, 1362 (C.D. Cal. 1997); *See Bonefant v. R.J. Reynolds Tobacco Co*., No. 07-60301-CIV, 2007 WL 2409980, at *1 (S.D. Fla. July 31, 2007) ("[I]t is common practice for the court to stay an action pending a transfer decision by the JPML").

Should the related actions be transferred and consolidated, the assigned MDL judge will rule on any pending motions involving the same or similar issues, along with other pretrial matters, thereby conserving judicial resources, ensuring consistent decisions, and avoiding the risk of duplicative or inconsistent rulings and the time and expense of unnecessary litigation. A stay would thus conserve judicial resources, maximize efficiency the parties and the Court, and promote judicial economy by avoiding duplicative discovery and preventing inconsistent rulings. *See In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005)

(Coordination and consolidation is often "necessary to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.") Indeed, should the Panel grant the Transfer Motion and transfer this action to another court or judge, any efforts expended by this Court on pretrial proceedings would most likely need to be replicated by the judge who is ultimately assigned to the consolidated litigation. *See Rivers*, 980 F. Supp. at 1360-61 (absent a stay "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge," and "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation if the MDL Panel does not consolidate the …cases in this Court."). "[T]he time and energy this Court would devote to any rulings it might make … could be for naught if this action is transferred to another court and that court modifies or vacates any of this Court's orders." *Id.*; *see also Gorea v. Gillette Co.*, No. 05-2425 MP, 2005 WL 237344, *1 (W.D. Tenn. Sept. 26, 2005) (finding a stay warranted because the court "might ultimately lose jurisdiction").

**b. Plaintiffs Would be Prejudiced Absent a Stay, but a Stay Would Not Prejudice Defendants.**

Plaintiffs here—and plaintiffs in the related actions subject to potential transfer—each seek relief based on allegations that Defendants failed disclose that TikTok collects and sells personally identifiable information ("PII") of millions of

minor children, without the consent of the minors or their parents. Each of the related cases involve either the same or overlapping putative classes, and most include a putative Nationwide Class similar to that in this action. If this action proceeds while the Panel is considering the Transfer Motion, Plaintiffs, and Defendants for that matter, may be prejudiced by inconsistent rulings, particularly if issues ruled upon by this Court are later re-litigated before a different judge, with different results. There is thus a significant potential for duplicative discovery and conflicting rulings on critical issues—including on potential class certification—should this action move forward absent a stay.

Given the early procedural posture of this action, Defendants would suffer no conceivable prejudice if this action were stayed for a short period of time to allow for the Panel to rule on transfer. "This action is in its infancy, and Defendant has yet to file a response to the Complaint, which minimizes any potential prejudice to the Plaintiff[s] from a stay." *See Ephraim v. Abbott Lab'ys, Inc.*, 601 F. Supp. 3d at 1275–76 (citation omitted). Indeed, any minimal delay now as a result of a stay may serve to actually save time if the related actions are ultimately transferred and consolidated. *See Rosenfeld v. Hartford Fire Ins. Co.*, No. 88-CV-2153, 1988 U.S. Dist. LEXIS 4068 at *4 (S.D.N.Y. May 12, 1988) ("While [plaintiffs] may suffer some initial delay, once the cases are coordinated . . . more time may well be saved than was lost"). Here, the parties have not exchanged preliminary disclosures, the

Court has not held a preliminary conference, and discovery has not yet commenced. Plaintiffs have also already agreed to an extension of time for Defendants to respond to the complaint. Accordingly, there is no significant prejudice as a result of delay.

A stay of this action would not prejudice Defendants and, in fact, would likely prove beneficial to Defendants. As the Panel has held repeatedly, the central goal of the MDL is to consolidate actions in a single court to "substantially reduce the risk of duplicative discovery, minimize the possibility of inconsistent pretrial obligations, and prevent conflicting rulings on pretrial motions." *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1379 (J.P.M.L. 2017). Allowing this case to proceed while pending a potential transfer would frustrate these goals, forcing Defendants to litigate the same issues in multiple forums and complicating efforts to coordinate and streamline discovery across multiple cases. *See Animal Sci. Prods. v. Hebei Welcome Pharm. Co. Ltd.,* Civil Action No. CV-05-453(DGT), 2005 U.S. Dist. LEXIS 38214, at *2 (E.D.N.Y. Dec. 22, 2005). Absent a stay, Defendants would be required to answer or respond to multiple similar complaints, respond to similar discovery, and bring and defend similar motions in each of the of related cases, presenting a significant risk of inconsistent rulings and duplicative discovery. *See A.D. v. Pfizer, Inc.*, No. 13-cv-02466-JST, U.S. Dist. LEXIS 105126, *5 (N.D. Cal. July 26, 2013) ("Defendants would face the risk of unnecessary proceedings and inconsistent rulings on recurring questions of law and fact if the

case is not stayed"); *Paul v. Aviva Life & Annuity Co*., No. 09-1038, 2009 U.S. Dist. LEXIS 64420, *5 (N.D. Ill. July 27, 2009) (defendants could suffer "clear hardships" if a stay were denied, including "potentially [being] faced with conflicting decision on similar pre-trial issues from this court and the transferee court" and being "forc[ed] .. to participate in duplicative discovery"); *Bd. of Tr. Of Teachers' Ret*., 244 F. Supp. at 903 (noting the burdens imposed on defendants of "litigating essentially the same claims in courts all over the country"). A stay would avoid the risk of such undue prejudice to Defendants. Moreover, the burden and cost on Defendants to litigate multiple similar actions will undoubtedly be reduced should a stay be entered in this action.

Plaintiffs would benefit from a stay and would risk suffering hardship and prejudice should this case proceed forward despite the pending Transfer Motion. A stay would allow Plaintiffs to avoid expending significant time and resources on litigation that may ultimately become duplicative, unnecessary, or moot if the Panel were to grant the Transfer Motion. Should the Panel ultimately transfer this action to another court or judge, Plaintiffs would be prejudiced by needlessly expending considerable time and expense. Moreover, Plaintiffs would face the very real risk of inconsistent rulings, particularly on the critical issue of class certification. Finally, the interests of the public and putative class members who are not parties to this litigation weigh in favor of a stay. There are numerous other putative class

Case 2:24-cv-10636-RAO-MJ Document 56 Filed 12/17/24 Page 11 of 12

members across the country that are affected by this litigation. Those putative class members would benefit from one centralized court deciding these issues, rather than referring to multiple and potentially contrasting decisions across jurisdictions.

## III. Conclusion

For the reasons set forth above, Plaintiffs respectfully request that this Court enter an order staying proceedings in this action until the JPML Panel rules on the pending Transfer Motion.

Dated: December 17, 2024

Respectfully Submitted,

*/s/ Bryan F. Aylstock*
Bryan F. Aylstock (Fla. Bar 78263)
D. Nicole Guntner (Fla. Bar 1028925)
**AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC**
17 E. Main Street, Suite 200
ePensacola, FL 32502
Telephone: (850) 202-1010
Email: baylstock@awkolaw.com
nguntner@awkolaw.com

## LOCAL RULE 7.1 CERTIFICATIONS

I certify that in compliance with Local Rule 7.1(B) I conferred with Counsel for Defendants to discuss this motion and the relief requested therein. Defense counsel stated that they oppose the relief sought.

I further certify that this memorandum complies with Local Rule 7.1(F) and contains 2,209 words, excluding the case style, signature block, and the certificate of service.

*/s/ Bryan F. Aylstock*
Bryan F. Aylstock (Fla. Bar 78263)

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2024, I electronically filed the foregoing documents with the Clerk of the court using the CM/ECF system which will send notifications of such filing to all attorneys of record.

*/s/ Bryan F. Aylstock*
Bryan F. Aylstock (Fla. Bar 78263)

# EXHIBIT 1

**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: TIKTOK MINOR PRIVACY LITIGATION** | **MDL No.** |

**PLAINTIFF NICK MCKISSICK'S MOTION TO TRANSFER ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Plaintiff Nick McKissick[1], through undersigned counsel, and pursuant to 28 U.S.C. § 1407 or, alternatively, JPML Rule 7.1(b)(i), requests that the Panel enter a conditional transfer order consolidating all Related Actions and transferring his action and all Related Actions[2] to the Northern District of California before Judge Yvonne Gonzalez Rogers. This Motion is supported by the accompanying brief in support of the motion, a schedule of actions, a copy of the docket sheet for each matter, a copy of the complaint for each matter, and proof of service.

Dated: December 5, 2024

Respectfully submitted:

/s/ Kiley Grombacher
KILEY GROMBACHER
State Bar No. 245960
Bradley Grombacher LLP
31365 Oak Creek Drive, Suite 240
Westlake Village, CA 91361
Telephone: 805-270-7100
Email: kgrombacher@bradleygrombacher.com

Attorney for Applicants

---

[1] *McKissick, et. al., v. Bytedance, Inc., et. al.*, 3:24-cv-08051-AGT (N.D. Ca.) (Nov. 15, 2024).
[2] See Attached Schedule of Actions (collectively, the "Related Actions").

**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: TIKTOK MINOR PRIVACY LITIGATION** | **MDL No.** |

---

**<u>BRIEF IN SUPPORT OF PLAINTIFF NICK MCKISSICK'S MOTION TO TRANSFER ACTIONS TO THE NORTHER DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS</u>**

## I. INTRODUCTION

Plaintiff seeks respectfully move the Judicial Panel on Multidistrict Litigation for an Order, pursuant to 28 U.S.C. § 1407, that transfers consolidates Plaintiff's Action[1] and all Related Actions[2] that seek economic loss and other equitable remedies relating to Defendants Bytedance, Inc.; Bytedance, Ltd.; TikTok, Ltd.; TikTok, Inc.; TikTok PTE. Ltd.; and TikTok U.S. Data Security, Inc. (hereinafter, the "TikTok Defendants") failure disclose that TikTok collects and sells personally identifiable information ("PII") of millions of minor children, without the consent of the minors or their parents, to the United States District Court for the Northern District of California before the Honorable Yvonne Gonzalez Rogers; Like other cases currently before Judge Gonzalez Rogers in MDL No. 3047, Plaintiff McKissick's case arises out of his minor child's use of a social media platform, TikTok. Specifically, his claims arise from TikTok's insufficient age verification policies and failure to notify parents or obtain parental consent to collect minor users' PII.

At the time of this filing, approximately seven (7) cases have been filed across five (5) United States district courts arising from this conduct. As set forth fully below, action by this Panel to transfer, consolidate, and coordinate these actions in the Northern District of California before Judge Gonzalez Rogers who is currently presiding over the related multidistrict litigation

---

[1] *McKissick, et. al., v. Bytedance, Inc., et. al.*, 3:24-cv-08051-AGT (N.D. Ca.) (Nov. 15, 2024).
[2] See Attached Schedule of Actions (collectively, the "Related Actions").

No. 3047 will promote their just and efficient prosecution, enhance judicial economy, and serve the convenience of the parties. The consolidation and transfer before Judge Gonzalez Rogers or, alternatively, the inclusion of these cases in MDL No. 3047 is appropriate where, as here, common questions of fact and law abound, and transfer will further the convenience of the parties and witnesses, promote the just and efficient conduct of these actions and serve the goals of judicial economy, thereby advancing the overall interests of the Court. Consolidation and transfer either as a separate MDL or with MDL No. 3047 is appropriate because the Related Actions involve common issues of law and fact and the same TikTok Defendants as those in MDL No. 3047. Plaintiffs therefore respectfully request that the Panel determine that Plaintiff McKissick's action—along with the Related Actions and all other cases arising out of TikTok's collection of minor users' PII—be transferred for inclusion in MDL No. 3047.

## II. BACKGROUND

On November 15, 2024, Plaintiff filed suit in the United States District Court for the Northern District of California against the TikTok Defendants. Plaintiff and the Related Actions each allege that TikTok failed to disclose that it collects and sells PII of minor children including, but not limited to: name, age, profile image, password, email, phone number, address, "approximate" location, social media account information, phone and social media contacts, messages sent to and received from other TikTok users, information in the clipboard of a user's device, and payment card numbers. Upon information and belief, the TikTok Defendants collect and sell access to this personal data without the minors' or their parents' notice, knowledge, or consent, in violation of the Children's Online Privacy Protection Act of 1998 ("COPPA") and Children's Online Privacy Protection Rule ("Rule" or "COPPA Rule"), a federal statute and regulations that protect children's privacy and safety online. It also defies an order entered in

2019 to resolve a lawsuit in which the United States alleged that TikTok Inc.'s and TikTok Ltd.'s predecessor companies similarly violated COPPA and the COPPA Rule by allowing children to create and access accounts without their parents' knowledge or consent, collecting data from those children, and failing to comply with parents' requests to delete their children's accounts and information. Plaintiffs allege that TikTok did so knowingly, due to its lax age verification procedures. Like the actions already pending in MDL No. 3047, each of the Related Actions is based on the same or substantially similar allegations concerning TikTok's insufficient and defective age verification measures and TikTok's knowledge that millions of minors use its app.

## III. ARGUMENT

### a. Transfer and Consolidation of These Cases is Appropriate Under 28 U.S.C. § 1407.

28 U.S.C. §1407(a) authorizes the transfer of civil actions pending in different federal district courts to a single federal district court for coordinated or consolidated pretrial proceedings so long as this Panel determines that the cases involve common questions of fact, and that the transfer will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of the litigation. The Panel typically considers four factors in deciding whether to transfer a case under Section 1407:

a. the elimination of duplication in discovery;
b. the avoidance of conflicting rules and schedules;
c. the reduction of litigation cost; and
d. the conservation of the time and effort of the parties, attorneys, witnesses, and courts.

Here, each of these factors are met.

#### i. Commonality Among the Related Actions

As an initial matter, the Related Actions each assert the same or similar claims based on multiple common factual allegations and will involve common legal theories. As such, transfer

and coordination will assist the parties and the courts in avoiding duplicative rulings on the common issues in dispute and will also serve the convenience of the parties and witnesses and promote the just and efficient resolution of the litigation. Common questions of fact exist, and may be presumed, where two or more complaints assert comparable allegations against similar defendants based on similar transactions and events. *See In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales, Practices, and Products Liab. Litig*., 704 F. Supp. 2d 1379, 1381 (J.P.M.L. 2010). Here, the complaints filed in the Related Actions assert common questions of fact by virtue of Plaintiff's allegations of the Defendants' wrongful conduct in collecting and using minor children's PII without parental consent. Common question of facts and law include but are not limited to:

a. Whether TikTok has or had a practice of collecting Personal Information from children who were younger than 13 years old without notifying their parents and obtaining verifiable parental consent beforehand;

b. Whether TikTok has or had a practice of using Personal Information from children who were younger than 13 years old without notifying their parents and obtaining verifiable parental consent beforehand;

c. Whether TikTok's practices violate the Children's Online Privacy Protection Act of 1998 ("COPPA") and the Children's Online Privacy Protection Rule ("COPPA Rule");

d. Whether TikTok engaged in unlawful business practices;

e. Whether TikTok engaged in unfair business practices;

f. Whether TikTok has unjustly received and retained monetary benefits from Plaintiff's minor child and Class Members by profiting off the use of their Personal Information; and

g. Whether Class Members are entitled to damages and/or restitution, and if so, the method of computing damages and/or restitution.

**ii. Commonality Between the Related Actions and MDL No. 3047**

The Related Actions share common factual allegations and will involve common legal

theories with the Related Action as well as other cases against the TikTok Defendants in MDL No. 3047. In particular, both the Related Actions and the cases against the TikTok Defendants in MDL No. 3047 allege:

a. TikTok's age verification measures are defective;

b. TikTok's parental controls are defective; and

c. TikTok and its employees have long known that children misrepresent their ages to pass through TikTok's age gate, and that despite other measures purportedly designed to remove children from the platform, children are ubiquitous on TikTok;

The Panel cited to various common questions of fact that overlap with Plaintiff's Action and the Related Action, including but not limited to whether Defendants "fail to verify users' ages" or "encourage adolescents to bypass parental controls" as reasoning in consolidating and transferring MDL No. 3047 to the Northern District of California. (Doc. No. 37 at 2.) For these same reasons, consolidation and transfer is appropriate here.

**iii. Transfer is Convenient and Will Promote Just and Efficient Litigation.**

Given the common factual and legal issues set forth above, consolidation and transfer will avoid conflicting rules and schedules by eliminating inconsistent rulings and moving towards adjudication with minimum delay. As this Panel has stated, "transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole, even if it might inconvenience some parties to that action." (Doc. No. 37) (citing *In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001)).

Consolidation will also reduce litigation costs by streamlining and providing a path forward for all cases without duplication of effort among multiple parties. This will conserve the time and resources of all parties—including attorneys, witnesses, and judicial resources—by avoiding duplicate depositions, expert witnesses, and evidentiary hearings. Where consolidation

will necessarily avoid the risk of duplicative and costly discovery proceedings, it is favored. *See In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*, 330 F. Supp. 3d 1378, 1379 (J.P.M.L. 2016). With consolidation, duplicative discovery will be eliminated and there will be no risk of inconsistent judicial rulings. *See In re Actos Prods. Liab. Litig.*, 840 F.Supp.2d 1356 (J.P.M.L. 2011).

Here, centralization will help avoid duplicative discovery that would delay the swift, efficient, and cost-effective adjudication of these matters. Plaintiff, and presumably the Related Actions, requires discovery concerning TikTok's age verification procedures, which is also at issue in MDL No. 3047. Moreover, discovery is well underway in MDL No. 3047 involving the conduct at issue.

**b. The Panel Expressed a Preference for Centralization of Cases Involving Social Media Platforms' Age Verification Procedures.**

In consolidating and transferring MDL No. 3047 to the Northern District of California, the Panel cited to various common questions of fact, including whether Defendants in the MDL "fail to verify users' ages" or "encourage adolescents to bypass parental controls"—questions that are essential to Plaintiff and the Related Actions' legal theories. (*See* Doc. No. 37 at 2). The Panel ultimately found that given the common issues in the cases against the various social media companies, centralization would "eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to motions to dismiss and Daubert motions; and conserve the resources of the parties, their counsel, and the judiciary" as well as "serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation" (Doc. No. 37 at 2.) The same reasoning supports transfer and consolidation of the Related Actions here, which allege that TikTok knowingly collected and used minors' PII without parental consent, which was made possible by TikTok's lax age verification procedures.

Although the Related do not allege social media addiction, the degree to which factual and legal issues overlap, and discovery will be duplicative, weighs in favor of transfer. As this Panel previously stated:

> That individualized factual issues may arise in each action does not—especially at this early stage of litigation—negate the efficiencies to be gained by centralization. The transferee judge can address unique issues using separate discovery tracks for each defendant or platform and employ separate motion tracks, to the extent necessary. The Panel has centralized product liability cases involving similar products made by different manufacturers where there will be overarching issues of general causation. *See, e.g., In re Fluoroquinolone Prods. Liab. Litig.*, 122 F. Supp. 3d 1378, 1379 (J.P.M.L. 2015). In addition to persuasively arguing that causation issues will overlap, the Meta defendants point out that all defendants likely will assert the same defenses. Centralization of all actions, therefore, will allow for efficient coordination of briefing and rulings on motions to dismiss, as well as *Daubert* motions.

(Doc. No. 37 at 2.)

**c. Transfer to the Northern District of California is an Appropriate Transferee District.**

Even absent the existence of MDL No. 3047, the Northern District of California would be an appropriate transferee district, and Judge Gonzalez Rogers is capable of effectively overseeing this litigation. As an initial matter, California is the nexus of wrongful conduct alleged in the Related Actions. Defendants operate as a common enterprise with Defendants TikTok Inc., TikTok U.S. Data Security Inc., and ByteDance, Inc. each having principal places of business in California.

The Panel typically takes into consideration various factors in determining the most appropriate transferee forum, including: (1) convenience of the parties; (2) location of witnesses and other evidence; (3) whether the district is in an accessible metropolitan location; (4) experience in management of class actions and complex litigation; (5) the caseload of the transferee district; and (6) the number of cases pending in the jurisdiction. *See e.g.*, *In re Wheat Farmers Antitrust Class Action Litig.*, 366 F. Supp. 1087, 1088 (J.P.M.L.1973); *In re*

*Preferential Drug Prod. Pricing Antitrust Litig.*, 429 F. Supp. 1027, 1029 (J.P.M.L. 1977); *In re Tri-State Crematory Litig.*, 206 F. Supp. 2d 1376, 1378 (J.P.M.L. 2002); *In re Gen. Motors Corp. Dex-Cool Prod. Liab. Litig.*, 293 F. Supp. 2d 1381, 1382 (J.P.M.L. 2003); *In re Educ. Testing Serv. Prt 7-12 Test Scoring Litig.*, 350 F. Supp. 2d 1363, 1365 (J.P.M.L. 2004); *see also* MANUAL FOR COMPLEX LITIGATION 20.131 (4th ed. 2016) (Relevant factors include "the site of the occurrence of the common facts, where the cost and inconvenience will be minimized[,] and the experience, skill, and caseloads of available judges.").

Given that several of the TikTok Defendants are headquartered in California, and litigation against TikTok in MDL No. 3047 is already centralized in the Northern District of California, there is simply no more convenient or more appropriate forum for transfer. The witnesses and evidence at issue are likely located in California, depositions would be most conveniently taken in California, and the parties and their counsel are already accustomed to litigating similar issues in the Northern District of California before Judge Gonzalez Rogers, who has effectively and efficiently managed MDL No. 3047 for the past two years and who is familiar with the parties and the issues. Given that a substantial amount of work has already taken place before Judge Gonzalez Rogers, centralization in the Northern District of California would serve judicial efficiency and convenience of the parties.

Moreover, Judge Gonzalez Rogers has the requisite experience, skill, and caseload to take on this litigation. The judge selected to oversee this litigations should have "the ability and temperament to steer this complex litigation on a steady and expeditious course . . . ." *In re: Microsoft Corp. Windows Operating Sys. Antitrust Litig.*, MDL 1332, 2000 WL 34448877 (J.P.M.L. 2000). This panel has also emphasized the importance of experience when coordinating and consolidating cases pursuant to 28 U.S.C. § 1407. *See In re: Pradaxa*

*(Dabigatran Etexilate) Prods. Liab. Litig*., MDL No. 2385, Doc. 106 (assigning Judge David R. Herndon due, in part, to his experience handling another large pharmaceutical litigation). Judge Gonzalez Rogers has the necessary subject matter knowledge, experience, and ability to effectively and judiciously guide and manage this litigation. Given her experience, perceived availability, and demonstrated commitment to the efficient administration of this litigation, the Northern District of California is the appropriate Court, and Judge Gonzalez Rogers is the appropriate judge, for managing this litigation in a manner that will facilitate this litigation for the benefit of all parties.

## IV. CONCLUSION

For the reasons set forth fully herein, Plaintiffs respectfully request that this Panel transfer all noticed Related Actions, and all subsequently filed tag-along cases as plead only against the TikTok Defendants involving claims relating to TikTok's collection and use of minor users' PII without parental notice or consent, to the Northern District of California for pre-trial centralization before Judge Yvonne Gonzalez Rogers and/or for inclusion in MDL No. 3047 pursuant to JPML Rule 7.1(b)(i).

Dated: December 5, 2024

Respectfully submitted:

/s/ Kiley Grombacher

KILEY GROMBACHER
State Bar No. 245960
Bradley Grombacher LLP
31365 Oak Creek Drive, Suite 240
Westlake Village, CA 91361
Telephone: 805-270-7100
Email: kgrombacher@bradleygrombacher.com

Attorney for Applicants

**BEFORE THE UNITED STATES JUDICIAL PANEL ON**

**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: TIKTOK MINOR PRIVACY LITIGATION** | **MDL DOCKET NO.** |

**SCHEDULE OF ACTIONS**

| # | Caption and parties<br><br>(list all plaintiffs v. all defendants) | Court | Civil Action No. | Judge Assigned |
|---|---|---|---|---|
| 1 | **Plaintiff(s):**<br>Nick McKissick, on Behalf of A.M. individually and on behalf of all others similarly situated,<br><br>*v.*<br><br>**Defendants(s):**<br>Bytedance, Inc.; Bytedance, Ltd.; TikTok, Ltd.; TikTok, Inc.; TikTok PTE. Ltd.; and TikTok U.S. Data Security, Inc. | U.S. District Court Northern District of California (San Francisco) | 3:24-cv-08051-AGT | Magistrate Judge Alex G. Tse |
| 2 | **Plaintiff(s):**<br><br>Christina Middleton, a guardian and next of kin on behalf of A.B., a minor, individually and on behalf of all others similarly situated<br><br>v. | U.S. District Court Western District of Missouri, Kansas City Division | 4:24-cv-00742-FJG | Hon. Fernando J. Gaitan, Jr |

| | | | | |
|---|---|---|---|---|
| | **Defendants(s):**<br>Bytedance, Inc.; Bytedance, Ltd.;<br>TikTok, Ltd.; TikTok, Inc.; TikTok PTE. Ltd.; and TikTok U.S. Data Security, Inc. | | | |
| 3 | **Plaintiff(s):**<br>A.A., a minor, by and through their guardian ad litem, Marcelo Muto; A.B., a minor, by and through their guardian ad litem Heather Bressette ; and A.C., a minor, by and through their guardian ad litem Darryl Maultsby, individually and on behalf of all others similarly situated,<br><br>**v.**<br><br>**Defendants(s):**<br><br>Bytedance LTD, Bytedance, Inc.; TikTok LTD, TikTok Inc., TikTok PTE LTD, and TikTok U.S. Data Security Inc. | U.S. District Court Central District of California (Western Division - Los Angeles) | 2:24-cv-06784-ODW-RAO | Hon. Otis D. Wright, II |
| 4 | **Plaintiff(s):**<br>Scott Humbert on behalf of E.H. and J.H.; Tonia Lightwine, on behalf of B.L.; and Monroe Seigle, on behalf of M.S.<br><br>**v.**<br><br>**Defendants(s):**<br><br>Bytedance, Inc.; Bytedance, Ltd.; TikTok, | U.S. District Court Northern District of Florida (Panama City) | 5:24-cv-00236-MW-MJF | Hon. Mark E. Walker |

| | | | | |
|---|---|---|---|---|
| | Ltd.; TikTok, Inc.; TikTok PTE. Ltd.; and TikTok U.S. Data Security, Inc. | | | |
| 5 | **Plaintiff(s):**<br>United States of America<br><br>**v.**<br><br>**Defendants(s):**<br><br>Bytedance, Inc.; Bytedance, Ltd.; TikTok, Ltd.; TikTok, Inc.; TikTok PTE. Ltd.; and TikTok U.S. Data Security, Inc. | U.S. District Court Central District of California | 2:24-cv-06535-ODW-RAO | Hon. Otis D. Wright, II |
| 6 | **Plaintiff(s):**<br>Jody Villanueva, on behalf of, J.C., Angela Faucett, on behalf of K.F.,<br>and Lamartine Pierre, Jr., on behalf of C.P., individually, and on behalf of all others similarly situated<br><br>**v.**<br><br>**Defendants(s):**<br><br>Bytedance, Inc.; Bytedance, Ltd.; TikTok, Ltd.; TikTok, Inc.; TikTok PTE. Ltd.; and TikTok U.S. Data Security, Inc. | U.S. District Court Central District of California | 2:24-cv-07922-ODW-RAO | Hon. Otis D. Wright, II |

| | | | | |
|---|---|---|---|---|
| 7 | **Plaintiff(s):**<br>Kathleen Lanser, a guardian and next of kin on behalf of A.L.,<br>individually and on behalf of all others similarly situated<br><br>**v.**<br><br>**Defendants(s):**<br><br>Bytedance, Inc.; Bytedance, Ltd.; TikTok, Ltd.; TikTok, Inc.; TikTok PTE. Ltd.; and TikTok U.S. Data Security, Inc. | U.S. District Court District of New Jersey (Newark) | 2:24-cv-10818-SDW-AME | Hon. Susan D. Wigenton |

Dated: December 5, 2024

Respectfully submitted,

By: /s/ Kiley Lynn Grombacher

Kiley Lynn Grombacher
**Bradley Grombacher, LLP**
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361
(805) 270-7100
Fax: (805) 618-2939
Email: kgrombacher@bradleygrombacher.com
*Attorneys for Movants Nick McKissick, on Behalf of A.M. individually and on behalf of all others similarly situated*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **SCOTT HUMBERT on behalf of E.H. and J.H.; TONIA LIGHTWINE, on behalf of B.L.; and MONROE SEIGLE, on behalf of M.S.; individually and on behalf of all others similarly situated,**<br><br>***Plaintiffs*,**<br><br>**v.**<br><br>**BYTEDANCE, INC.; BYTEDANCE LTD.; TIKTOK LTD.; TIKTOK INC.; TIKTOK PTE. LTD.; AND TIKTOK U.S. DATA SECURITY, INC.,**<br>***Defendants*** | **Case No. 5:24-cv-00236-MW-MJF** |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO STAY PENDING TRANSFER TO MULTIDISTRICT PROCEEDING**

IT IS ORDERED that Plaintiffs' Motion to Stay Pending Transfer to the Multidistrict Proceedings is GRANTED. This case is stayed until thirty (30) days after a decision by the Judicial Panel Multidistrict Litigation on the Transfer Motion Judicial Panel Multidistrict Litigation.

____________________________
Hon. Mark Walker