**SEEGER WEISS, LLP**
Jennifer R. Scullion (SBN 183476)
55 Challenger Road, Suite 600
Ridgefield Park, New Jersey 07660
Telephone: (973) 639-9100
Facsimile: (973) 679-8656
E-Mail: jscullion@seegerweiss.com
*Attorney for Kathleen Lanser as guardian and next of kin on behalf of A.L.,*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

A.A., a minor, by and through their guardian ad litem, Marcelo Muto; A.B., a minor, by and through their guardian ad litem Heather Bressette ; and A.C., a minor, by and through their guardian ad litem Darryl Maultsby, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

BYTEDANCE, INC.; BYTEDANCE LTD.; TIKTOK LTD.; TIKTOK INC.; TIKTOK PTE. LTD.; AND TIKTOK U.S. DATA SECURITY, INC.,

Defendants.

**Lead Case No.:**
**2:24-cv-06784-ODW-RAO**
**[Assigned to Hon. Otis D. Wright, II]**

**NOTICE OF JOINDER IN SUPPORT OF MOTION TO INTERVENE AND FOR STAY**

**Date: January 20, 2025**
**Time: 1:30 p.m.**
**Room: Courtroom 5D**
**Judge: Otis D. Wright, II**

**JOINDER IN MOTION TO INTERVENE AND STAY THIS ACTION PENDING TRANSFER TO MULTIDISTRICT PROCEEDING**

COMES NOW nonparty Kathleen Lanser, as guardian and next of kin for A.L., the Plaintiff and proposed Class Representative in *Lanser v. ByteDance, Inc. et al.,* 2:24-cv-10818-SDW-AME (D.N.J.), by and through undersigned counsel, and files this Joinder in the Motion to Intervene and request for stay filed today by the McKissick and Humbert Applicants [ECF 55] in the above-captioned action (the "A.A." action).

Like the Proposed Interim Co-Lead Counsel in the A.A. action, Plaintiff Lanser has filed a class action—*Lanser v. ByteDance, Inc. et. Al.*, 2:24-cv-10818-SDW-AME (D.N.J.)—on behalf of a purported Nationwide Class against Defendants Bytedance, Inc.; Bytedance, Ltd.; TikTok, Ltd.; TikTok, Inc.; TikTok PTE. Ltd.; and TikTok U.S. Data Security, Inc. (the "TikTok Defendants") for their unlawful collection and sale of personally identifiable information ("PII") of millions of minor children (the "Lanser DNJ" action). Plaintiff Lanser also alleges a New Jersey subclass.

Like the A.A. action and other Related Actions,[1] the Lanser DNJ action seeks to hold the TikTok Defendants liable for intentionally and surreptitiously collecting and selling PII of minor children without notice to or consent of their parents. The PII at issue includes name, age, profile image, password, email, phone number, address, "approximate" location, social media account information, and phone and social media contacts. Like the plaintiffs in the Related Actions, Plaintiff Lanser alleges the TikTok Defendants' conduct violates the Children's Online Privacy Protection Act of 1998 ("COPPA") and Children's Online Privacy Protection Rule ("Rule" or "COPPA Rule") and gives rise to relief under state law for invasion of privacy and unjust enrichment.

---

[1] "Related Actions" has the same meaning here as in the McKissick/Humbert motion papers.

As this Court is likely aware, the A.A. action, the Lanser DNJ action, and the Related Actions are the subject of a petition before the Judicial Panel on Multidistrict Litigation ("JPML") for consolidation and transfer to the Northern District of California before Judge Yvonne Gonzalez Rogers given the significant overlaps of these cases with *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation* (MDL No. 3047) (the "Social Media MDL"). Plaintiff Lanser joins the McKissick and Humbert Applicants in requesting leave to intervene in this proceeding in order to respectfully request that the pending motion to appoint interim co-lead counsel be stayed until the JPML has determined where the A.A. action and the other Related Actions should proceed.

As the McKissick and Humbert Applicants have explained in detail, there is substantial overlap between the Related Actions and the claims pending in the Social Media MDL with respect to the TikTok Defendants' targeting of children, failure to implement effective age-verification, and thwarting of parents' ability to know and have a say in who interacts with their minor children online, how, and for what purpose. Discovery on these issues is well underway in the Social Media MDL.[2] As such, coordination of the Related Actions with the Social Media MDL, as the pending petition requests, is appropriate, practical, and will serve the interests of justice for all parties.

The JPML will rule on the pending petition in short order. Plaintiff Lanser respectfully submits that it makes little sense for this Court to appoint interim class counsel in this case at this time when the JPML has not yet had a chance to decide

[2] Seeger Weiss, counsel for Plaintiff Lanser in the Lanser DNJ case, plays many key roles in the Social Media MDL. Seeger Weiss Founding Partner Christopher Seeger is appointed by Judge Gonzalez Rogers as Counsel to the Co-Lead Counsel and Settlement Counsel. Seeger Weiss Partners Christopher Ayers and Jennifer Scullion each lead or co-lead briefing, argument, and discovery on multiple issues, including briefing and argument on discovery disputes concerning the TikTok Defendants.

where pre-trial matters in this case and the Related Actions—including appointment of counsel—should be heard. Indeed, ruling on instant motion to appoint interim class counsel may cause needless confusion—including because counsel here does not seek appointment on behalf of state-specific subclasses such as the New Jersey subclass alleged in the Lanser DNJ action—and a waste of judicial resources. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1360, 1362 (C.D. Cal. 1997) (granting stay in line with "a majority of courts [that] have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved.").

For all of the reasons set forth above and in the McKissick/Humbert Motion papers [ECF 55], Plaintiff Lanser respectfully request that this Court enter an order permitting her to intervene in the instant case, staying proceedings in this action until the JPML rules, and declining to rule on the A.A. Plaintiff's Motion for Appointment until the JPML rules. Alternatively, should the Court decline to stay proceedings, Plaintiff Lanser respectfully requests a briefing schedule such that additional Interim Co-Lead Counsel can be considered.

Dated: January 3, 2025

Respectfully Submitted

**SEEGER WEISS LLP**

By: /s/ *Jennifer Scullion*

Jennifer Scullion (Cal. Bar 184376)
Christopher Seeger
Christopher Ayers

55 Challenger Road, Suite 600
Ridgefield Park, NJ 07660
973-639-9100
jscullion@seegerweiss.com
*Attorneys for Kathleen Lanser, as guardian and next of kin for A.L..*