**BRADLEY/GROMBACHER, LLP**
Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
Email:kgrombacher@bradleygrombacher.com

*Attorney for Applicant*
*Nick McKissick, on Behalf of A.M*

**AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC**
Sin-Ting Mary Liu (SBN 282884)
Bryan F. Aylstock (Fla. Bar 78263)
D. Nicole Guntner (Fla. Bar 1028925)
17 E. Main Street, Suite 200
Pensacola, FL 32502
Telephone: (850) 202-1010
Email: baylstock@awkolaw.com
Email: nguntner@awkolaw.com
Email: mliu@awkolaw.com

*Attorneys for Applicants*
*Scott Humbert on behalf of E.H. and J.H.;*
*Tonia Lightwine, on behalf of B.L.;*
*Monroe Seigle, on behalf of M.S.; and*
*Nick McKissick, on Behalf of A.M.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

A.A., a minor, by and through their guardian ad litem, Marcelo Muto; A.B., a minor, by and through their guardian ad litem Heather Bressette; and A.C., a minor, by and through their guardian ad litem Darryl Maultsby, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

BYTEDANCE, INC.; BYTEDANCE LTD.; TIKTOK LTD.; TIKTOK INC.; TIKTOK PTE. LTD.; AND TIKTOK U.S. DATA SECURITY, INC.,

Defendants.

**Lead Case No.:**
**2:24-cv-06784-ODW-RAO**
**[Assigned to Hon. Otis D. Wright, II]**

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO INTERVENE**

Date: February 10, 2025
Time: 1:30 p.m.
Room: Courtroom 5D
Judge: Otis D. Wright, II

# TABLE OF CONTENTS

I. Applicants Have a Right to Intervene. ........ 1

a. Applicants Have a Right to Intervene in this Action. ........ 2

i. Applicants a Significantly Protectable Interest in this Action. ........ 2

b. Disposition of this Action will Impair or Impede Applicants' Ability to Protect that Interest. ........ 4

c. Applicants are Inadequately Represented by the Parties to this Action. ........ 5

d. Plaintiffs May Permissibly Intervene in this Case. ........ 7

e. Plaintiffs Have Complied with Local Rule 17-1. ........ 7

II. A Stay is Appropriate. ........ 7

a. The *Humbert* and *McKissick* Courts Have Issued Stays Pending the JPML Panel's Decision on the Pending Motion to Transfer. ........ 8

b. A Stay Would be Consistent with Precedent, as District Courts Regularly Stay Actions Pending Decisions by the JPML Panel on Transfer and Consolidation. ........ 9

c. A Stay Would Serve the Interests of Judicial Economy and Efficiency. ........ 9

III. Conclusion ........ 10

# TABLE OF AUTHORITIES

## Cases

*Addison v. DIRECTV Inc.*
No. CV 13-08109-AB, 2014 WL 12855831 (C.D.C.A. Nov. 14, 2014) ..............9

*Arakaki v. Cayetano*
324 F.3d 1078 (9th Cir.2003) ..............3

*Biological Diversity v. Berg*
268 F.3d 810 (9th Cir. 2001) .............. 2, 5, 6

*Calderon v. Clearview AI, Inc.*
No. 20 CIV. 1296 (CM), 2020 WL 2792979 (S.D.N.Y. May 29, 2020) ..............4

*California ex rel. Lockyer v. United States*
450 F.3d 436 (9th Cir. 2006) ..............2

*Cooper v. Newsom*
13 F.4th 857 (9th Cir. 2021) ..............2

*Dellutri v. McKesson Corporation*
No. CV 16-8124-R, 2017 WL 8161081 (C.D.C.A. Jan. 23, 2017) ..............9

*Donnelly v. Glickman*
159 F.3d 405 (9th Cir.1998) ..............2, 7

*Hayes v. Umpqua Bank*
No. 3:20-CV-00684-AC, 2020 WL 8611117 (D. Or. Aug. 4, 2020) ..............3

*McVicar v. Goodman Global Inc., et al.*
No. SA CV 13-1223-DOC (C.D.C.A Nov. 25, 2013) ..............9

*Rivers v. Walt Disney Co.*
980 F. Supp. 1358 (C.D. Cal. 1997) ..............9

*Royal Park Invs. SA/NV v. Bank of Am. Corp.*
941 F. Supp. 2d 367 (S.D.N.Y. 2013) ..............9

*Sierra Club v. EPA*
995 F.2d 1478 (9th Cir.1993) ..............2

*Trbovich v. United Mine Workers*
404 U.S. 528 (S.Ct. 630, 30 L.Ed.2d 686) (1972) ..............6

*United States v. Alisal Water Corp.*
370 F.3d 915 (9th Cir. 2004) ..............2, 3

*United States v. City of Los Angeles, Cal.* 288 F.3d 391 (9th Cir. 2002) .......... 3

**Other Authorities**

7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1908 (Supp.2002) .......... 2

**Rules**

Fed. R. Civ. Pro. 17(c)(2) .......... 7
Fed. R. Civ. Pro. 24(a) .......... 1, 11
Fed. R. Civ. Pro. 24(b) .......... 2
Fed. R. Civ. Pro. 24(b)(1)(B) .......... 7
Fed. R. Civ. Pro. 26(b) .......... 1

# REPLY IN SUPPORT OF MOTION TO INTERVENE

A few weeks after the hearing on this motion, the Judicial Panel on Multidistrict Litigation is set to decide whether cases with the same factual underpinning, same legal issues, and same defendants pending in various districts crossing this country should be coordinated, and the proper venue for any such coordination. Applicants respectfully submit that this Court should grant their Motion to Intervene and stay this Action pending a ruling on the JPML Transfer Motion, as the Honorable James Donato (N.D. Ca.) has done in the *McKissick* action,[1] and has the Honorable Mark E. Walker has done, in part,[2] in the *Humbert* action. Given that Defendants have moved to transfer Applicants' cases to this Court for consolidation in the above-captioned Action, Applicants have significant interest in this Action and may properly intervene either as of right under Fed. R. Civ. Pro. 26(b) or permissively under Fed. R. Civ. Pro. 24(a). Should this Court deny Applicants' Motion to Stay, Applicants respectfully request that, as an alternative, this Court enter a briefing schedule on the pending Motion for Appointment of Interim Co-Lead Counsel (Doc. No. 50) ("Motion for Appointment") such that the Court may consider an application by Counsel for Applicants.

## I. Applicants Have a Right to Intervene.

Perhaps the best evidence of Applicants' right to intervene is the actions of Defendants themselves. Defendants have moved to transfer both of Applicants' actions to this Court, to Applicants' objections. Defendants cannot now credibly dispute Applicants' interest in this litigation. As demonstrated in their moving papers, Applicants have established a right to intervene under Fed. R. Civ. Pro. 24(a). Alternatively, should this Court find that intervention as of right is not

---

[1] *McKissick, on Behalf of A.M.., v. Bytedance Inc., et al.,* Case No. 3:24-cv-008051-JD, Northern District of California (January 17, 2025, ECF No. 25) (Ex. 1, *McKissick* Stay Order).

[2] The *Humbert* court entered a stay as to all deadlines except for the motion to transfer to this Court. (Doc. No. 66-7.).

appropriate, Plaintiffs have established their entitlement to permissive intervention under Fed. R. Civ. Pro. 24(b).

**a. Applicants Have a Right to Intervene in this Action.**

The Ninth Circuit "construe[s] Rule 24(a) liberally in favor of potential intervenors." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006); *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). In analyzing whether Applicants may intervene as of right, courts should be "guided primarily by practical considerations, not technical distinctions." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d at 818 (citations and quotations omitted); *see* also *Cooper v. Newsom,* 13 F.4th 857, 865 (9th Cir. 2021) ("[W]e are 'guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention.'") (citing *United States v. Alisal Water Corp*., 370 F.3d 915, 919 (9th Cir. 2004)). "An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *California ex rel. Lockyer v. United States*, 450 F.3d at 440 (citing *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir.1998)). "A district court is required to accept as true the non-conclusory allegations made in support of an intervention motion." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001).

**i. Applicants a Significantly Protectable Interest in this Action.**

"The term 'significantly protectable interest' has not been a term of art in the law, and sufficient room for disagreement exists over the meaning of the term." *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir.1993) (citing 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1908, at 21 (Supp.2002)). "The interest test is not a clear-cut or bright-line rule, because no specific legal or equitable interest need be established. Instead, the

interest test directs courts to make a practical, threshold inquiry, and is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 399 (9th Cir. 2002).

Practical and equitable considerations, as well as common sense, dictate that Applicants have an interest in this litigation that is both significant and protectable. That interest was conferred upon Applicants, *inter alia*, by virtue of Defendants' attempts to transfer Applicants' cases to this court, to Applicants' objection. Should Defendants' motions to transfer be granted,[3] Applicants' cases will be consolidated with the instant Action before this Court. At a minimum, Applicants have an economic interest in the subject matter of this Action, which is sufficient to support a right to intervene. *Arakaki v. Cayetano,* 324 F.3d 1078, 1088 (9th Cir.2003) (citing *United States v. Alisal Water Corp*., 370 F.3d 915, 919 (9th Cir. 2004)). (A "non-speculative, economic interest may be sufficient to support a right of intervention."). Plaintiffs' economic interest is both concrete and related to the underlying subject matter of the action." *Id.* (citations omitted).

Defendants argue that the "existence of competing class actions" is insufficient to confer a right to intervene, citing to several cases as examples. (Doc. No. 75 at 13.) But Applicants here do not seek to intervene merely because there are "competing class actions." Such cases are thus inapposite. Unlike the case at hand, none of those cases involved an Applicant subject to a motion to transfer or a pending JPML Transfer Petition. *See Hayes v. Umpqua Bank*, No. 3:20-CV-00684-AC, 2020 WL 8611117, at *1 (D. Or. Aug. 4, 2020*), report and recommendation adopted*, No. 3:20-CV-00684-AC, 2021 WL 640900 (D. Or. Feb. 18, 2021) (applicant moved to

---

[3] The Honorable James Donato (N.D. Ca.) recently stayed the *McKissick* action, and that case will not be transferred to this court prior to a J.P.M.L. decision on the pending Motion to Transfer. *See* Ex .1.

intervene and stay pending resolution of an earlier-filed state court case); *Calderon v. Clearview AI, Inc*., No. 20 CIV. 1296 (CM), 2020 WL 2792979, at *3 (S.D.N.Y. May 29, 2020) (applicant moved to intervene and either (a) dismiss the action; or (b) stay them until their action was resolved; or (c) transfer them to their preferred venue under the first-filed case rule).

Finally, Defendants emphasize—erroneously—that Applicants' *only* interest in this Action is to "halt" [4] it, "slow[] it down,"[5] "stall[6]" it, "defer"[7] it or "prevent . . . it from going forward".[8] But saying something five times does not make it true. Applicants do seek a stay in this case, but not for delay. As the idiom goes, "measure twice, cut once." If the JPML transfers this action to another Court, for example, the Northern District of California, where a well-established MDL is already grappling with the issues underlying these actions, this Court may have needlessly exerted time and efforts. As set forth above and in Applicants' Motion, Applicants have an interest in this action given the overlapping factual and legal allegations with the interest Action and the fact that Defendants have moved to transfer Applicants' cases to this court. Should Applicants cases be transferred to this court, either before or after a decision by the JPML Panel,[9] Applicants have a direct interest in this action and in the pending Motion for Appointment filed by Plaintiffs.

**b. Disposition of this Action will Impair or Impede Applicants' Ability to Protect that Interest.**

"[I]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to

---

[4] Doc. No. 75 at 1
[5] *Id.* at 6.
[6] *Id,* at 7.
[7] *Id.*
[8] *Id.* at 9
[9] Again, the.*McKissick* action has recently been stayed and will not be transferred prior to any JPML decision.

intervene." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (citing Fed.R.Civ.P. 24 advisory committee's notes.). Applicants here would be substantially affected by determinations made in this Action, given that both Applicants are subject to potential transfer to this court and that their ability to select their counsel and pursue their own actions would be affected by this Court's decision on the pending Motion for Appointment. Applicants have an interest in ensuring that they are represented by competent counsel of their choosing. Should the court decline to grant Applicants' motion to stay this Action, Applicants have requested that they be permitted to submit a brief in response to the Motion for Appointment and that the Court also entertain their application for appointment as Interim Class (or Co-Lead) Counsel pursuant to Rule 23(g).

Defendants argue that Applicants' interests will not be impaired or impeded because they may "opt out of or object to any proposed classwide relief." (Doc. No 75 at 15; *see id.* at 16.) Defendants are putting the cart well before the horse. Applicants here are not class members who seek to opt out of a settlement. Applicants are among the first putative class representatives in the country who have moved the JPML for transfer and consolidation of all related cases and seek to prosecute those cases as class representatives. The ability to object or opt out to any future settlement is irrelevant at this stage and does nothing to protect Applicants' interests in this Action.

**c. Applicants are Inadequately Represented by the Parties to this Action.**

"In determining whether a would-be intervenor's interests will be adequately represented by an existing party, courts consider: (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the

proceedings that other parties would neglect." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (citations and quotations omitted). "The burden of showing inadequacy is 'minimal,' and the applicant need only show that representation of its interests by existing parties 'may be' inadequate. *Id.* (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972)). "Where an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *Id.* (citations and quotations omitted).

While Applicants and Plaintiffs certainly share some of the same objectives, those objectives diverge when it comes to how and where the Plaintiffs and the Applicants intend to litigate this action. Indeed, Counsel for Applicants conferred with counsel for Plaintiffs A.A. and Vilanueva to coordinate prior to the filing of the pending JPML Transfer Motion but were met with rejection; Plaintiffs A.A. and Vilanueva instead preemptively filed the pending Motion for Appointment. Plaintiffs and Applicants have filed opposing briefs before the JPML Panel relating to the Transfer Motion. This case is thus in a highly unique procedural posture that is fraught with dispute not only between opposing parties but Applicants and Plaintiffs. Applicants have filed class actions that share common issues of fact and law with the instant Action in federal courts in the Northern District of Florida and Northern District of California, and Defendants have attempted to transfer those cases to this Court, to Applicants' objection. Applicants have petitioned the JPML Panel to transfer not only their own actions, but also this action, to the Northern District of California, and Plaintiffs in this Action have opposed that JPML Transfer Motion. Thus here, as in other cases that have permitted intervention,"[r]esolution of this case will decidedly affect Applicants' legally protectable interests and 'there is sufficient doubt about the adequacy of representation to warrant intervention.'" *Id.* (citing *Trbovich*, 404 U.S. at 538, 92 S.Ct. 630).

**d. Plaintiffs May Permissibly Intervene in this Case.**

At a minimum, Plaintiffs have satisfied the requirements to permissively intervene in this Action. *See* Fed. R. Civ. Pro. 24(b)(1)(B) ("On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact.") "An applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). Neither Defendants nor Applicants dispute any of these elements. Defendants do not address the timeliness of Applicants' motion, nor can they. Neither party disputes this court's independent jurisdictional basis over Applicants' claims or that Applicants' actions share common questions of law and fact with this Action. As such, should this Court determine that Applicants have not established a right to intervene, Applicants respectfully request that this Court permit Applicants to intervene given that Plaintiffs' causes of actions share nearly identical common questions of law and fact as the instant Action.

**e. Plaintiffs Have Complied with Local Rule 17-1.**

Finally, Applicants submit that they are in compliance with L.R. 17-1. As Applicants seeking to intervene in this Action, whose motion to intervene has not yet been granted, Plaintiffs do not fall within the ambit of L.R. 17.1, which requires appointment of a guardian ad litem if required by F.R.Civ.P. 17(c)(2). F.R.Civ.P. 17(c)(2) specifically applies only to those who seek to "sue," which Applicants are not doing here. Should this Court determine that a guardian ad litem need be formally appointed to represent Applicants, Applicants are more than willing to undertake that process within this district.

**II. A Stay is Appropriate.**

A stay of this this Action pending a decision by the JPML on the pending Motion to Transfer is necessary to avoid duplicative and potentially conflicting rulings, to protect Applicants' interests, and to conserve judicial resources. Applicants respectfully submit that this Court should follow the *Humbert* and *McKissick* courts and issue a stay of this Action pending a ruling on the pending JPML Motion to Transfer, which affects each of the cases at issue here. A stay would ensure that the parties do not continue to needlessly expend resources litigating matters that could be obviated by the rulings on the Transfer Motion.

**a. The *Humbert* and *McKissick* Courts Have Issued Stays Pending the JPML Panel's Decision on the Pending Motion to Transfer.**

District Courts in two of the four pending class actions outside of this District have entered stays of those actions pending a ruling by the JPML Panel on the pending JPML Transfer Motion. The United States District Court for the Northern District of Florida has entered a stay in the *Humbert* action to as to all deadlines except for the motion to transfer to this Court pending a ruling by the JPML on the pending Motion to Transfer. (Doc. No. 66-7.) The Motion to Transfer is now fully briefed, and the parties are awaiting an Order by the Court. Moreover, the United States District Court for the Northern District of California entered a stay in the *McKissick* action as to all proceedings.[10] As such, Defendants' pending Motion to Transfer to this Court will not be ruled on in the *McKissick* action prior to the JPML Panel decision on its pending Motion to Transfer. Applicants respectfully request that this Court follow suit and stay the pending action, particularly given the complicated procedural posture of the many actions at issue here, and the pending JPML motion.

---

[10] Ex. 1.

**b. A Stay Would be Consistent with Precedent, as District Courts Regularly Stay Actions Pending Decisions by the JPML Panel on Transfer and Consolidation.**

"A majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co*., 980 F. Supp. 1358, 1362 (C.D. Cal. 1997); *see Royal Park Invs. SA/NV v. Bank of Am. Corp*., 941 F. Supp. 2d 367, 370 (S.D.N.Y. 2013) ("[W]here a multi-district litigation proceeding has been established, courts have routinely stayed motions pending rulings by the JPML."). This Court has routinely entered stays of actions that were subject to transfer in the JPML process. *See, e.g*., *Addison v. DIRECTV Inc*., No. CV 13-08109-AB, 2014 WL 12855831 (C.D.C.A. Nov. 14, 2014); *McVicar v. Goodman Global Inc., et al*., No. SA CV 13-1223-DOC (C.D.C.A Nov. 25, 2013); *Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1362 (C.D. Cal. 1997); *Dellutri v. McKesson Corporation,* No. CV 16-8124-R, 2017 WL 8161081 (C.D.C.A. Jan. 23, 2017).

Courts also often enter stays as to briefing on discrete motions or issues pending a JPML decision, as did the Honorable Mark E. Walker (N.D. Fl.) in the *Humbert* action. *See Royal Park Invs. SA/NV v. Bank of Am. Corp*., 941 F. Supp. 2d 367, 370 (S.D.N.Y. 2013) (collecting cases). Should this Court elect not to stay the entire action, Applicants respectfully request that this Court stay ruling on the pending Motion for Appointment or, at a minimum, grant Applicants' motion to intervene and enter a briefing schedule providing Applicants an opportunity to submit a similar motion or application for consideration.

**c. A Stay Would Serve the Interests of Judicial Economy and Efficiency.**

A stay is appropriate where there exists: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Plaintiffs have sufficiently established each element but seek here to emphasize the hardship, inequity, and expense of the strategy that Defendants are employing against Applicants and plaintiffs across the country. While a stay of "just a few months" (may not be impactful on Defendants, it certainly would for Applicants. (*See* Doc. No. 75 at 14.) This Action is itself subject to a pending JPML Transfer Motion and may ultimately be transferred out of this Court. Defendants have opposed that Transfer Motion, arguing that this Court is the most appropriate venue for all related cases to be transferred consolidated, and have employed perhaps the least efficient and most burdensome strategy of moving to transfer all pending district court actions to this Court for consolidation with this Action. Plaintiffs in each action outside of this District oppose transfer to this District. (*Id.* at 4, n. 5.) Those plaintiffs—individual parties whose resources pale in comparison to a sophisticated, serial litigant and multinational tech giant—have each spent extensive time, effort, and expense opposing Defendants' motions to transfer and will continue to expend such time and resources if a stay is not granted, resulting in hardship and inequity. Defendants' attempts to transfer each of these actions to the Central District of California prior to a hearing before the JPML Panel on the pending Transfer Motion is not an effort in coordination or cooperation; it is unilateral attempt to transfer and consolidate as many actions as possible—without the consent of the Plaintiffs and outside of the JPML process—to its preferred venue in advance of a hearing before the Panel.

## III. Conclusion

Applicants respectfully request that this Court grant their Motion to Intervene and stay proceedings in this Action pending the JPML's ruling, consistent with the

*McKissick* and *Humbert* courts. Applicants have a significant interest in this Action and may properly intervene either under Fed. R. Civ. P. 24(a) or (b). In the alternative, Applicants respectfully request permission to submit a brief in response to the Motion for Appointment and that the Court entertain their application for appointment as Interim Class (or Co-Lead) Counsel pursuant to Rule 23(g).

Respectfully submitted,

Dated: January 27, 2025

**BRADLEY/GROMBACHER LLP**

By: /s/ *Kiley Grombacher*
Kiley Grombacher
Attorneys for Applicant
Nick McKissick, on Behalf of A.M.

**AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC**

By: /s/ Sin-Ting *Mary Liu*
Sin-Ting Mary Liu (Cal. Bar No. 282884)
Bryan F. Aylstock (Fla. Bar No. 78263)
D. Nicole Guntner (Fla. Bar No. 1028925)

Attorneys for Applicants Scott Humbert on behalf of E.H. and J.H.; Tonia Lightwine, on behalf of B.L.; Monroe Seigle, on behalf of M.S.; and Nick McKissick, on Behalf of A.M

## MEET AND CONFER CERTIFICATION

Pursuant to Local Rule 7-3 of this Court, I certify that Plaintiff met with Defendants telephonically on December 26, 2024, and with the proposed interim counsel on December 27, 2024 and thoroughly discussed each issue raised in the motion and attempted in good faith to resolve the motion in whole or in part.

Dated: January 27, 2025

Respectfully Submitted,

**BRADLEY/GROMBACHER LLP**

By: /s/ *Kiley Grombacher*
Kiley Grombacher
Attorneys for Applicant
Nick McKissick, on Behalf of A.M.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the Plaintiffs, certifies that this brief contains 3294 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 27, 2025, Respectfully Submitted,

**BRADLEY/GROMBACHER LLP**

By: /s/ *Kiley Grombacher*
Kiley Grombacher
Attorneys for Applicant
Nick McKissick, on Behalf of A.M.