**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

J.C., a minor, by and through their guardian ad litem, JODY VILLANUEVA; A.J., a minor, by and through their guardian ad litem, ALEXIS DOUGLAS; B.M., a minor, by and through their guardian ad litem, MARCELO MUTO; L.F., a minor, by and through their guardian ad litem, HEATHER BRESETTE; D.M., a minor, by and through their guardian ad litem, DARRYL MAULTSBY; D.R.H., D.W.H., and R.W., minors, by and through their guardian ad litem, RYAN HOYT; M.G., a minor, by and through their guardian ad litem, VALERIE GATES; C.P., a minor, by and through their guardian ad litem, LAMARTINE PIERRE, JR.; K.F., a minor, by and through their guardian ad litem, ANGELA FAUCETT; and J.W., a minor, by and through their guardian ad litem, KAYLA JARAMILLO, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

Case No.: 2:24-cv-06784-ODW-RAO

**ORDER APPOINTING GUARDIANS AD LITEM**

BYTEDANCE LTD; BYTEDANCE INC; TIKTOK LTD; TIKTOK INC; TIKTOK PTE. LTD; and TIKTOK U.S. DATA SECURITY INC.,

Defendants.

The Court has considered Petitioners' Omnibus Application to Appoint Guardians Ad Litem and all supporting declarations. Rule 17 of the Federal Rules of Civil Procedure requires a court to take proper measures to protect a minor during litigation, including appointing a guardian ad litem for a minor without a duly appointed representative. Fed. R. Civ. P. 17(c). "The decision to appoint a guardian ad litem under Rule 17(c) is normally left to the sound discretion of the trial court[.]" *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014). 'When there is no conflict of interest, the guardian ad litem appointment is usually made on ex parte application and involves minimal exercise of discretion by the trial court." *Student A v. Berkeley Unified School District*, Case No. 17-cv-02510-MEJ, 2017 WL 2171254, at *1 (N.D. Cal. May 17, 2017); *Angel v. Marten*, No. 21-cv-07333-ODW, 2021 WL 9968353, at *1 (C.D. Cal. Nov. 24, 2021) (same). There are no special requirements for the person acting as guardian ad litem, and the main focus is furthering the best interests of the minor. *Kulya v. City and County of San Francisco*, No. C 06-06539 JSW, 2007 WL 760776, at *1 (N.D. Cal. Mar. 9, 2007).

The Court finds that appointing guardians ad litem as requested by Petitioners is appropriate: the applicants have a strong interest in their children's welfare, are willing and able to pursue this action on behalf of their children, have no conflicts of interest, and are acting in good faith. The Court makes the following appointments as guardians ad litem:

JODY VILLANUEVA as guardian ad litem for Plaintiff J.C.;

ALEXIS DOUGLAS as guardian ad litem for Plaintiff A.J.;

MARCELO MUTO as guardian ad litem for Plaintiff B.M.;

HEATHER BRESETTE as guardian ad litem for Plaintiff L.F.;

DARRYL MAULTSBY as guardian ad litem for Plaintiff D.M.;

RYAN HOYT as guardian ad litem for Plaintiffs D.R.H., D.W.H., and R.W.;

VALERIE GATES as guardian ad litem for Plaintiff M.G.;

LAMARTINE PIERRE, JR. as guardian ad litem for Plaintiff C.P.;

ANGELA FAUCETT as guardian ad litem for Plaintiff K.F; and

KAYLA JARAMILLO as guardian ad litem for Plaintiff J.W.

**IT IS SO ORDERED**.

Dated: January 30, 2025

HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE